# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARMANDO LYNDELL KELLY
and LATONGA DENITRA CANNON,

          **Plaintiff,**

v.                                   Case No. 12-C-0213

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT, and
OFFICER TIMOTHY A. MCNAIR,
OFFICER DAVID A. NOVAK,
OFFICER JAY A. RUDSTROM,
OFFICER PAUL A. ROBERTSON,
OFFICER ALFREDDY D. YOUNG,
OFFICER ADRIAN M. HARRIS, and
OFFICER DENNIE J. SANCHEZ,

          **Defendants.**

## DECISION AND ORDER

Pro se Plaintiffs Armando Lyndell Kelly ("Kelly") and Latonga Denitra Cannon ("Cannon") filed motions for leave to proceed *in forma pauperis* on their civil rights Complaint[1] against the Defendants, the City of Milwaukee ("City"), the Milwaukee Police Department ("MPD"), MPD Officers Timothy A. McNair ("McNair"), David A. Novak ("Novak"), Jay A.

---

[1] The Plaintiffs' Complaint states that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that their Complaint is true and signing the document, the Plaintiffs' have verified their Complaint pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in their Complaint which comply with the requirements of Fed. R. Civ. P. 56(e) are considered as if they were made in an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

Rudstrom ("Rudstrom"), Paul A. Robertson ("Robertson"), Alfreddy D. Young ("Young"), Adrian M. Harris ("Harris"), and Dennie J. Sanchez ("Sanchez"), and their motion for appointment of counsel. The Court begins by addressing the Plaintiffs' motions for leave to proceed *in forma pauperis*.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). Kelly, who has two minor dependents, is not employed and has no valuable assets. His monthly income is $1,264, and his monthly expenses total $983.71. Kelly's itemized monthly income exceeds his expenses by $281.00. However, Kelly has not listed any expenses for clothing, groceries, or medical care. He also states that he is undergoing custody and placement proceedings for his six-year-old son which increased his spending, but he does not indicate the amount of the increase. Based on the information provided, Kelly does not appear to have the ability to pay the $350 filing fee.

Cannon has no income or valuable assets. She spends $50.00 per month on her phone bill and is apparently in school. Cannon has established that she is unable to pay the filing fee.

The next question in evaluating the Complaint is to determine whether it states an arguable claims for relief on behalf of the Plaintiffs. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of

the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the

3

deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An individual must personally cause or participate in the alleged constitutional deprivation in order to be held liable under § 1983. *See Iqbal*, 556 U.S. at 676; *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Complaint arises from a November 3, 2011, stop of a rental vehicle operated by Kelly on North 27th Street in Milwaukee, Wisconsin. Novak, Rudstrom, and McNair stopped the vehicle for an alleged traffic violation. Cannon was a passenger in the vehicle. Novak directed Kelly to exit the car. Kelly asked for a supervisor, whereupon Rudstrom searched Kelly "pocket by pocket." (Compl. ¶ 2.) Rudstrom handcuffed Kelly and placed him in a squad car with Sanchez.

About five minutes later, Harris arrived on the scene. Shortly thereafter, two supervisors on the scene approached Novak and Rudstrom and began talking to them. Roberts ("Roberts")[2] joined Harris, Novak, and Rudstrom. Roberts approached Sanchez's vehicle, asked Kelly what had happened and Kelly responded. Roberts returned to the group of officers. Moments later, Harris informed Kelly that he was under arrest for criminal damage to property

---

[2] No given name is provided for Roberts.

and disorderly conduct while armed based on conduct that had occurred on October 30, 2011, at 11:30 p.m. – four days earlier.

Novak and Rudstrom began searching the rental vehicle. First, they opened its front and rear driver's side doors. Next, they opened the rear lift-gate door and searched the rear area including the space under the spare tire. Novak located the rental contract, removing it and Cannon's purse from the vehicle. Novak took the rental contract back to his vehicle.

Meanwhile Cannon, who had also been directed to exit the vehicle, was questioned and searched by McNair. Harris removed the sweater that Cannon was wearing and took it to his unit. Meanwhile, McNair searched Cannon's purse and, as directed by Robertson, again searched Cannon's person. While Cannon was being searched, Robertson questioned her.

Kelly then asked Harris about the rental vehicle whose contract had not expired. Harris informed him that, after it had been searched, Rudstrom or Novak had contacted the car rental company, Enterprise Rent-A Car, and that a company employee would be picking up the keys to the vehicle at the MPD's Third District Station. Kelly had not consented to the return of the rental vehicle.

Cannon was placed in a squad car and transported to her home. Sanchez transported Kelly to the Third District Station where Kelly was booked and questioned for several hours. The victim failed to appear for a photo identification procedure scheduled by Harris, so Kelly was released from police custody. Harris instructed Kelly to appear at the "City

5

District Attorney's" office on November 9, 2011, for further proceedings. The Complaint seeks money damages of $50,024.27 on behalf of Kelly, and $15,000.00 on behalf of Cannon.

At the outset, the Court notes that the MPD is not a suable entity. *See Grow v. City of Milwaukee*, 84 F.Supp.2d 990 (E.D.Wis. 2000)(abrogated on other grounds by *Driebel v.. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002)) (finding that Wis. Stat. § 62.50 does not authorize police departments to sue or be sued and, therefore, the MPD was not a suable entity). Therefore, the MPD will be dismissed from this action.

The City is a suable entity. A governmental unit such as the City may be sued under § 1983, only if the Complaint alleges the unconstitutional conduct resulted from implementation of an official policy or from a *de facto* governmental custom, *see Monell v. Dept of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978), or based on inadequacy in police training where the failure to train amounts to a violation of the constitutional rights of the citizens that the officers encounter. *Matthews v. City of E. St. Louis*, 675 F.3d 703, 2012 WL 1003529 (7th Cir. 2012) (citing *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). Neither the Complaint nor the reasonable inferences from the facts contained in the Complaint indicate that the allegedly unconstitutional conduct that was visited upon Kelly and Cannon was the result of the MPD's policy or custom, or a failure to train. Therefore, the Complaint does not state an arguable claim for relief against the MPD and it is dismissed from this action.

Additionally, Young is listed as a Defendant is this action. However, he is not mentioned

by name in the Complaint, and there is no indication that he was involved in the November 3, 2011, incident. Therefore, he is dismissed from this action. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994).

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, protects the right of the people to be free from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 8 (1968). Police may conduct investigative stops based on reasonable suspicion, viewed under the totality of the circumstances. *Id.* at 22; *Alabama v. White*, 496 U.S. 325, 328-31 (1990). Further, under Wisconsin Statute § 968.07(1)(d), a law enforcement officer may effect an arrest when "there are reasonable grounds to believe that the person is committing or has committed a crime."

Arrest for a minor, non-jailable offense does not violate the Fourth Amendment. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). When officers have probable cause to believe that an individual has committed an offense in their presence, they may arrest the offender. *See id.* At this juncture of the proceedings, Kelly has stated an arguable Fourth Amendment claim against Novak, McNair, Rudstrom, Sanchez, Robertson, and Harris. Each of those defendants was involved in some phase of Kelly's stop, arrest, search, questioning and detention. Accordingly, Kelly will be allowed to proceed on his Fourth Amendment claims against Novak, McNair, Rudstrom, Sanchez, Robertson, and Harris.

With respect to Cannon, she has stated an arguable claim for violation of her Fourth Amendment rights against McNair, Harris and Robertson. Although Sanchez drove Cannon to her home, the facts alleged do not state a plausible claim against him.

The Plaintiffs also seek appointment of counsel. The standard for appointment of counsel is set forth in *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). A plaintiff in civil action has no right to court-appointed counsel. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court has the discretion to request that attorneys represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt*, 503 F.3d at 653; *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Both Kelly and Cannon have established a financial inability to retain counsel. The Plaintiffs have also provided a list of 24 attorneys who declined to represent them in this matter, as well as additional documentation relating to their unsuccessful attempts to obtain counsel. They have satisfied the threshold element of the *Pruitt* test. However, the Plaintiffs' claims are

"not overly complex" and thus far they have demonstrated their competence to represent themselves. *See Romanelli*, 615 F.3d at 851-53. Therefore, at this juncture of the proceedings, the Plaintiffs' motion for appointment of counsel is denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The MPD, the City, and Young are **DISMISSED** from this action;

Kelly's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** to the extent that he may proceed on his Fourth Amendment claims against Novak, McNair, Rudstrom, Sanchez, Robertson and Harris;

Cannon's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** to the extent that she may proceed on her Fourth Amendment claims against McNair, Robertson, and Harris;

The United States Marshal must serve a copy of the Complaint, the summons, and this Order upon Novak, McNair, Rudstrom, Sanchez, Robertson, and Harris pursuant to Federal Rule of Civil Procedure 4. The Plaintiffs are advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it

has not made any provision for these fees to be waived either by the court or by the United States Marshals Service; and

Novak, McNair, Rudstrom, Sanchez, Robertson, and Harris **MUST FILE** a responsive pleading to the Complaint;

The Plaintiffs' motion for appointment of counsel (ECF No. 4) is **DENIED** without prejudice;

The Plaintiffs are notified that from now on, they are required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document that they jointly filed with the Court to the opposing parties or, if the opposing parties are represented by counsel, to counsel for those parties. Fed. R. Civ. P. 5(b). The Court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing parties or those parties' attorney, if the parties are represented by an attorney;

Similarly, if either Plaintiff files a paper or document that is not also signed by his or her co-Plaintiff, that paper must also be served upon the non-filing co-Plaintiff. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the non-filing co-Plaintiff and the opposing parties or those parties' attorney, if the parties are represented by an attorney;

If the Plaintiffs do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any papers or documents.

Each Plaintiff should also retain a personal copy of every paper or document filed in this matter.

The Plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of May, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**